J-S17043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDRE MAURICE LONDON | |
| Appellant | No. 2421 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 14, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0001093-2020

BEFORE:  BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 27, 2022**

Appellant, Andre Maurice London, appeals from the October 14, 2021 judgment of sentence imposing 36 to 72 months of incarceration for one count of prohibited possession of a firearm, 18 Pa.C.S.A. § 6105(a)(1).  We affirm.

The record reveals that, in the early morning of November 12, 2019, Pennsylvania State Troper Zachary Railing responded to a report of an active domestic violence incident at 112 South Gibbons Avenue in Coatesville, Chester County, Pennsylvania.  N.T. Trial, 4/29/21, a 11-12.  Trooper Railing knocked on the front door and announced himself as state police, and, after no one responded, he walked the perimeter of the house.  *Id.* at 15-16.  On the ground beneath a first-floor window, Trooper Railing discovered a Cobray Street Sweeper shotgun.  *Id.* at 17-18.  Trooper Railing secured the shotgun in his patrol vehicle and returned to the front door.  *Id.* at 22.  After

discovering it was unlocked, Trooper Railing announced himself as a police officer and entered. *Id.* Given the nature of the call—an active domestic violence incident—and the gun outside the window, Trooper Railing was concerned someone had been shot. *Id.* at 23. The home was divided into two apartments, one in front and one in back. *Id.* at 23-24. Trooper Railing found the front apartment vacant, and knocked on a locked door that appeared to lead to the rear apartment. *Id.* at 23-24, 27. Appellant answered. *Id.* at 27. He had one eye swollen shut and blood all over his shirt. *Id.* at 30, 38. Trooper Railing contacted emergency medical services.

In the meantime, Trooper Railing asked Appellant if he owned a "street sweeper" shotgun. A street sweeper is an unusual weapon—a shotgun with a drum magazine on it. *Id.* at 19-20. It was the first one Officer Railing had seen in person. *Id.* at 21. Trooper Railing testified that Appellant knew precisely what he meant when he asked Appellant if he owned a "street sweeper." *Id.* at 30-31. Appellant responded that he owned the street sweeper, and told Trooper Railing it would be in a corner of the apartment's living room behind a reclining chair. *Id.* When the gun was not in that location, Appellant claimed to be surprised. *Id.* at 32. Subsequent examination of the shotgun revealed no DNA and no usable fingerprints. *Id.* at 43, 60. The gun was not loaded and inoperable.

Appellant's registered address was 110 South Sixth Avenue in Coatesville. Trooper Railing noted, however, that Appellant retrieved clothes

and his wallet from the master bedroom at 112 South Gibbons before leaving with EMS to go to the hospital. *Id.* at 45-46. The owner of 112 South Gibbons, Diana Nieves, testified that Appellant did not live there. *Id.* at 75-76. Nieves testified that the Cobray Street Sweeper belonged to Appellant. *Id.* at 77.

Based on his prior convictions, Appellant was arrested and charged with a single count of unlawful possession of a firearm under 18 Pa.C.S.A. § 6105. At the conclusion of an April 29, 2021 bench trial, the trial court found Appellant guilty. On October 14, 2021, the trial court imposed 36 to 72 months of incarceration. Appellant filed a timely post-sentence motion on October 20, 2021, in which he requested reconsideration of his sentence and challenged the weight and sufficiency of the evidence. The trial court denied the motion on October 28, 2021. This timely appeal followed.

Appellant raises three issues for our review:

I.      Whether the trial court erred in denying Appellant's motion for judgment of acquittal where Appellant did not 'possess' the firearm under Pennsylvania law.

II.     Whether the trial court erred in denying Appellant's motion for new trial because the verdict was against the weight of the evidence?

III.    Whether the sentencing court abused its discretion by imposing an excessive sentence that ignored mitigating factors and which was based on an impermissibly prejudicial statement by the Commonwealth that Appellant was a 'drug trafficker' based upon his record, even though this case involved *no* evidence of drugs?

Appellant's Brief at 9 (emphasis in original).

A challenge to the sufficiency of the evidence presents a question of law for which our scope of review is plenary and our standard of review is *de novo*. *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275–76 (Pa. Super. 2014).

Because police recovered the shotgun from outside of the home in which they found Appellant, the Commonwealth was required to prove that Appellant was in constructive possession of it.

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

It is well established that, [a]s with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

*Commonwealth v. Parrish*, 191 A.3d 31, 36–37 (Pa. Super. 2018) (citations and quotation marks omitted); *appeal denied*, 202 A.3d 42 (Pa. 2019).

As noted above, Trooper Railing recovered the Cobray Street Sweeper outside of a home in which Appellant was the only person present. Appellant admitted that the shotgun was his, and even led Trooper Railing to the location where the gun was normally stored. Appellant also testified that he purchased the shotgun legally but subsequently relinquished it to his cousin when it became illegal for him to possess it. Though Appellant did not own the home, he retrieved personal items from the master bedroom prior to leaving for the hospital. Diana Nieves, who owned the home where the gun was found, testified that it belonged to Appellant.

The foregoing facts, construed in a light most favorable to the Commonwealth as verdict winner, are sufficient to establish Appellant's constructive possession of the shotgun. He was its original purchaser, admitted to Trooper Railing that it was his, and took Trooper Railing to the

location in the home where he believed it to be stored. Nieves' testimony further supports Appellant's continued ownership, possession, and control of the gun. The trial court was not required to credit Appellant's self-serving testimony about his relinquishment of the gun to his cousin. The absence of DNA or usable fingerprints on the weapon did not preclude a finding of constructive possession in light of all the other evidence.[1] Appellant's first argument fails.

Next, Appellant challenges the weight of the evidence in support of his conviction.

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis in original; citations omitted).

> The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal

---

[1] Likewise, the weapon's inoperability did not preclude a conviction under § 6105. *Commonwealth v. Batty*, 169 A.3d 70, 77 (Pa. Super. 2017), *appeal denied*, 182 A.3d 434 (Pa. 2018).

motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000).

Appellant cites no law in support of his weight of the evidence argument, in violation of Pa.R.A.P. 2119(c). Further, he simply relies on the facts that no DNA or fingerprint evidence was found on the shotgun, and that he did not own the house where it was found. Appellant ignores Trooper Railing's testimony, which included Appellant's own admission that the gun was his, his knowledge of the location in the home where it was usually kept, and Nieves' testimony that the gun belonged to Appellant. We discern no abuse of discretion in the trial court's refusal to award a new trial.

In his third and final argument, Appellant challenges the trial court's sentencing discretion. As noted above, he preserved this issue in a timely post-sentence motion. We must next discern whether Appellant has raised a substantial question as to the propriety of his sentence. 42 Pa.C.S.A. § 9781(b). In his statement pursuant to Pa.R.A.P. 2119(f),[2] Appellant quotes

---

[2] The Rule provides:

An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument

*(Footnote Continued Next Page)*

*Commonwealth v. Raven*, 97 A.3d 1244 (Pa. Super. 2014) for the proposition that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." (*Id.* at 1253), and then states that "[t]his is precisely the argument being raised in the third question presented on appeal." Appellant's Brief at 18. Appellant provides no further detail.

We apply the following strictures in determining whether a substantial question exists:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013). In order for this Court to make a case-by-case evaluation of whether a substantial question exists, a 2119(f) statement must explain why a substantial question exists in a particular case. "To demonstrate that a substantial question exists, a party must articulate reasons why a particular sentence raises doubts that the trial court did not properly consider [the] general guidelines provided by the legislature."

---

on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f). We note that Appellant's Brief does not comply with the second sentence.

*Commonwealth v. Mouzon*, 812 A.2d 617, 622 (Pa. 2002).  Appellant's Pa.R.A.P. 2119(f) says nothing about his particular sentence.  He cites *Raven* for the circumstances under which a substantial question can exist, but fails to explain why those circumstances exist in this case.  Under these circumstances, we conclude Appellant has failed to establish a substantial question.[3]

Because we have concluded that none of Appellant's arguments merits relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2022

---

[3]  We observe that, contrary to Appellant's argument, the sentencing court stated, "[Appellant] may well be a drug dealer.  I don't know.  **But he's not charged with that in this case and that's not what he's being sentenced for here.**"  N.T. Sentencing, 10/14/21, at 12 (emphasis added).  Thus, the record does not support the underlying substance of Appellant's argument.